**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 20-25090-B-11 |
| NIR WEST COAST, INC. Dba NORTHERN CALIFORNIA ROOFING, | DC No. RJM-1 |
| Debtor(s). | |

**MEMORANDUM DECISION DENYING MOTION TO CONFIRM THE ABSENCE OF THE AUTOMATIC STAY OF 11 U.S.C. § 362(a)**

Introduction

    The court has before it a *Motion to Confirm Absence of the Automatic Stay as to Nonbankrupt Codebtor Gregory T. Lynn* filed by Javier Vega Tovar ("Creditor") on his behalf and on behalf of certain class members.  Debtor and debtor in possession NIR West Coast, Inc. dba Northern California Roofing ("Debtor") filed an opposition.  Creditor filed a reply.

    Creditor requests a so-called "comfort order" or, in other words, an order from this court confirming that the automatic stay of 11 U.S.C. § 362(a) is inapplicable to Gregory T. Lynn ("Lynn").  Creditor identifies Lynn as the Debtor's nondebtor codebtor.  Creditor's motion is immediately suspect in that it relies almost exclusively on 11 U.S.C. § 105(a).  Section 105(a) is a catch-all; however, it does not give the bankruptcy court carte blanche to do whatever it wants to do.  See Law v. Siegel, 134 S. Ct. 1188, 1197 (2014).  Creditor's motion will be denied without prejudice for the reasons explained below.

    The court has reviewed the motion, opposition, reply, and all related declarations and exhibits.  The court has also reviewed and takes judicial notice of the docket in this case.

See Fed. R. Evid. 201(c)(1). The court has determined this matter may be decided on the papers. See General Order No. 618 at p.3, ¶ 3 (E.D. Cal. May 13, 2020) (ordering courthouse closure "until further notice" due to the COVID-19 pandemic and further ordering that all civil matters are to be decided on the papers unless the presiding judge determines a hearing is necessary). The court has also determined that oral argument will not assist in the decision-making process or resolution of the motion. See Local Bankr. R. 9014-1(h), 1001-1(f).

The hearing on January 5, 2021, at 9:30 a.m. will be vacated. Findings of fact and conclusions of law are set forth below. See Fed. R. Civ. P. 52(a); Fed. R. Bankr. P. 7052, 9014(c).

Background

Lynn is a principal of the Debtor. He is also the Debtor's sole shareholder. And he apparently is the Debtor's codebtor.

On August 25, 2017, Creditor filed a state court action against the Debtor and Lynn. The state court action seeks damages and restitution for alleged wage theft and banking of hours, among other claims.

Prior to this bankruptcy filing, Creditor, Debtor, and Lynn voluntarily settled all claims alleged in the state court action. The parties signed a settlement agreement which the state court approved. The settlement agreement requires the Debtor and Lynn to make certain payments to Creditor and other class members.

Creditor asserts that the Debtor and Lynn defaulted under the terms of the settlement agreement. According to Creditor,

the default permits the state court to enter an agreed-upon stipulated judgment against Lynn which Creditor requested and the state court tentatively indicated it would enter. However, following the state court's tentative ruling, but before a final hearing on Creditor's state court motion was held, the Debtor filed its chapter 11 petition. The state court judge thereafter directed Creditor to obtain an order from this court that the automatic stay of § 362(a) is inapplicable to Lynn.[1]

Discussion

    Creditor seeks what is typically referred to as a "comfort order."[2] More precisely, Creditor seeks an order from this court declaring <u>not</u> that the automatic stay has in some manner *terminated* as to Lynn but, rather, that the automatic stay in

---

[1] The court takes judicial notice that, as of the date of this memorandum decision, Lynn is not a debtor under any chapter of the Bankruptcy Code.

[2] As one court has explained the term:
> The origins of the term 'comfort order' are elusive, but comfort orders are generally sought as declarations from a bankruptcy judge that the automatic stay has been terminated or else never came into existence with regard to some element of the bankruptcy case. Comfort orders are usually sought so that the movant can proceed with legal action in some other court (such as, in this case, a foreclosure action in state court). The term 'comfort order' does not appear in BAPCPA, but it is referred to conceptually in § 362(j) of the Code, which provides that '[o]n request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated.' § 362(j) (emphasis added).

In re Ross, 2019 WL 480269 at *3 (Bankr. N.D. Miss. Feb. 6, 2019).

this case is *inapplicable* to Lynn.  There is a material difference in the distinction.

There are very few instances in the Bankruptcy Code where the bankruptcy court may issue an order confirming that the automatic stay is not in effect.  These include:

(1) § 362(b)(22)(no automatic stay as to eviction proceedings);

(2) § 362(c)(3)(A)(termination of the automatic stay due to one prior bankruptcy filing);

(3) § 362(c)(4)(A)(ii)(no automatic stay due to serial bankruptcy filings);

(4) § 362(h)(1)(termination of the automatic stay for failure to comply with duties under § 521(a)(2));

(5) § 362(j)(confirming under subsection (c) that the automatic stay has been terminated).

None of these apply here.  The matter before the court does not concern an eviction.  It is not the third or fourth time that Lynn has filed a bankruptcy petition.  And Lynn is not a debtor which means he has no Bankruptcy Code duties with which he has not complied.

Creditor cites no provision of the Bankruptcy Code that directs or authorizes the bankruptcy court to enter an order that declares the automatic stay inapplicable-or otherwise recognizes its absence-to a nondebtor.[3]  Nevertheless, a number of courts recognize that even when the Bankruptcy Code does not require it, "[t]he [Bankruptcy] Court . . . retains the discretion to enter a comfort order if warranted by the facts."  Ross, 2019 WL 480269

---

[3] At least one court has questioned its authority to issue these so-called "comfort orders."  In re Rosenblum, 2019 Bankr. LEXIS 2277 at *6 (Bankr. D. Nev. July 17, 2019).

- 4 -

at *3. Here, however, for at least two reasons this court is not convinced that the facts of this case warrant an issuance of the requested "comfort order" even if authority to issue such an order as it pertains to a nondebtor exists.

First, if anything, "[a] 'comfort order' is a bankruptcy term of art for an order confirming an *undisputed* legal result, and often is entered to confirm that the automatic stay has *terminated*." In re Hill, 364 B.R. 826, 827 n.1 (Bankr. M.D. Fla. 2007) (emphasis added). Not only is the request here not one for an order that the automatic stay has terminated as to Lynn, but, on the record before it the court cannot conclude that the legal result of Creditor's motion is undisputed. In other words, as explained below, Creditor has not demonstrated that he is entitled to the requested "comfort order" as a matter of law.

Second, it is true that as a general rule the automatic stay does not protect nondebtors and it protects only debtors, debtors' property, and property of the estate. See 11 U.S.C. §§ 362(a), 541(a); Advanced Ribbons and Office Prods., Inc. v. U.S. Interstate Distrib., Inc., 125 B.R. 259, 263 (9th Cir. BAP 1991) (citation omitted). However, the Fourth Circuit in A.H. Robins v. Piccinin, 788 F.2d 994 (4th Cir. 1986), cert. denied, 479 U.S. 876 (1986), developed an exception to the general rule. Piccinin held that the automatic stay may be extended to a nondebtor if unusual circumstances make the interests of the debtor and the nondebtor inextricably interwoven. Id. at 998–1004 (affirming stay of actions against debtor's officers under a combination of § 362(a), § 105(a), and the court's inherent equitable powers); see also S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc.

(In re S.I. Acquisition, Inc.), 817 F.2d 1142, 1147-50 (5th Cir. 1987) (extending the § 362(a) automatic stay to action against debtor's alleged alter egos).

The Ninth Circuit has not expressly adopted the "unusual circumstances" exception. See Klinkenborg Aerial Spraying and Seeding, Inc. v. Rotorcra Dev. Corp., 690 Fed.Appx. 540 (9th Cir. 2017) (citation omitted). At the same time, it has not expressly rejected it either.

The Ninth Circuit has declined to apply the "unusual circumstances" exception in three general instances:

    (1)  where a nondebtor has obligations that are independent, primary, not derivative of the debtor, Chugach Timber Corp. v. Northern Stevedoring & Handling Co. (In re Chugach Forest Prods.), 23 F.3d 241, 247 (9th Cir. 1994), and O'Malley Lumber Co. v. Lockard (In re Lockard), 884 F.2d 1171, 1179 (9th Cir. 1989);

    (2)  where it was not raised in the lower court, U.S. v. Dos Cabezas Corp., 995 F.2d 1486, 1492-93 n.3 (9th Cir. 1993); and

    (3)  where the automatic stay was not extended in the first instance by the bankruptcy court in exercise of its equity jurisdiction, Rotocraft Dev., 690 Fed.Appx. at 541.

The Ninth Circuit has been receptive to the exception in a number of case. For example, in an early opinion it stated that "in the absence of *special circumstances*, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants." Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987) (emphasis added).

Several years later, in Chugach Forest Prods., 23 F.3d 241, the Ninth Circuit suggested that the exception may apply when necessary to "advance the aims of the bankruptcy scheme" or

1　"promote reorganization [or] protect [the debtor's] other
2　creditors[,]" id. at 247, and if necessary to protect the
3　administration of the bankruptcy estate.[4]  Id. at 247 n.6.
4　　　　In Solidus Networks, Inc. v. Excel Innovations, Inc. (In re
5　Excel Innovations, Inc.), 502 F.3d 1086 (9th Cir. 2007), the
6　Ninth Circuit reversed not because the bankruptcy court and the
7　bankruptcy appellate panel applied the exception but because they
8　both applied the exception incorrectly.  The court explained:

> In sum, our usual preliminary injunction standard
> applies to applications to stay actions against non-
> debtors under § 105(a).
>
> [ . . .]
>
> Both the bankruptcy court and the BAP applied incorrect
> legal standards.
>
> [ . . . ]
>
> The BAP treated the 'unusual circumstances' doctrine
> and the usual preliminary injunction standard as
> separate and distinct bases for affirming the stay.
> That is error, because the 'unusual circumstances'
> doctrine does not negate the traditional preliminary
> injunction standard.  As we have noted, stays under the
> doctrine, 'although referred to as extensions of the
> automatic stay, were in fact injunctions issued by the
> bankruptcy court after hearing and the establishment of
> unusual need to take this action to protect the
> administration of the bankruptcy estate.'  Chugach
> Forest Prods., 23 F.3d at 247 n. 6 (quoting Patton v.
> Bearden, 8 F.3d 343, 349 (6th Cir. 1993)).  Indeed,
> Piccinin itself applied the usual preliminary
> injunction standard in affirming the stay.  788 F.2d at
> 1008.

Id. at 1096.

---

[4]Such relief would not be inconsistent with American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods), 885 F.2d 621 (9th Cir. 1989), in which the Ninth Circuit concluded that bankruptcy courts have jurisdiction to enjoin actions that could conceivably have any effect on administration of reorganization plan.  Id. at 624.

In <u>Boucher v. Shaw</u>, 572 F.3d 1087 (9th Cir. 2009), the Ninth Circuit recognized that it would not be improper for the bankruptcy court to extend the automatic stay to a nondebtor through its equity jurisdiction "if the liability of the non-debtor party *were* to affect the property of the bankruptcy estate, such as by a requirement that the debtor indemnify the non-debtor or by payment of the liability from a director's and officer's insurance policy[.]" <u>Id.</u> at 1093 & n.3 (emphasis in original).

Citing <u>Piccinin</u>, the Ninth Circuit Bankruptcy Appellate Panel has also recognized that "[t]he automatic stay may protect nondebtors only under 'unusual circumstances' where the interests of the debtor and the nondebtor are inextricably interwoven." <u>Ripon Self Storage, LLC v. Exchange Bank (In re Ripon Self Storage, LLC)</u>, 2011 WL 3300087 at *6 (9th Cir. BAP April 1, 2011); see also <u>Hemaratanatorn v. Pasternak (In re MBE Digital, Inc.)</u>, 2016 WL 6699313 at *4 n.4 (9th Cir. Nov. 9, BAP 2016) ("We have recognized that the bankruptcy court may extend the automatic stay to nondebtors under the 'unusual circumstances' doctrine, where the interests of the debtor and the nondebtor are inextricably interwoven."). At the same time, the BAP also noted that "any extension of the automatic stay to nondebtors does not occur automatically but requires the filing of an adversary proceeding requesting the bankruptcy court to act under § 105(a)." <u>Ripon</u>, 2011 WL 3300087 at *6.

The point here is that the "unusual circumstances" exception to the general rule that the automatic stay protects only debtors (and debtors' property and property of the estate) remains viable

in the Ninth Circuit if sought through an adversary proceeding. And therein lies Creditor's problem.

    Creditor recites two critical facts which have the potential to trigger application of the "unusual circumstances" exception in this case: (1) Lynn is the Debtor's codebtor; and (2) Lynn is a principal of the Debtor. Based on those facts alone and the record before it, the court is unable to conclude that Creditor has an undisputed right, if any at all, to the requested "comfort order." Put another way, Creditor has not demonstrated an entitlement to the relief requested in the form of a "comfort order" as a matter of law.

    Further contributing to Creditor's problem is that Creditor's request for a "comfort order" is effectively a request for declaratory relief made in the context of a watered-down contested matter which lacks the protections of an adversary proceeding or, at a minimum, application of adversary procedures through Bankruptcy Rule 9014(c). See In re Fagan, 559 B.R. 718, 724-25 (Bankr. E.D. Cal. 2016); Gray v. CPF Associates, LLC, 614 B.R. 96, 107-08 (D. Ariz. 2020). Moreover, whereas Creditor would have the burden in an action for declaratory relief, here, Creditor does not explain (1) the extent of Lynn's codebtor liability, *i.e.*, independent, derivative, or if it would give Lynn some claim against the Debtor or estate property, or (2) the impact, if any, of Lynn's entanglement in state court litigation on the Debtor's reorganization or the administration of the chapter 11 case. The court declines to grant Creditor declaratory relief under these circumstances. Cf. In re Running Horse, LLC, 2007 WL 2669480 at *2 (Bankr. E.D. Cal. 2007)

1　(declining to issue a "comfort order" regarding debtor's interest
2　in property without an adversary proceeding or agreement of all
3　parties).
4　　At the same time, the Debtor's request for the court to
5　extend the automatic stay to Lynn requires an adversary
6　proceeding or, perhaps, an evidentiary hearing under the auspices
7　of the federal rules of procedure.  The Debtor has initiated
8　neither.  The Debtor's request for an extension of the automatic
9　stay to Lynn (or more accurately a § 105(a) injunction for Lynn's
10　benefit) will therefore also be denied without prejudice.

12　Conclusion
13　　For the foregoing reasons, Creditor's motion is denied
14　without prejudice.  The hearing on January 5, 2021, at 9:30 a.m.
15　is vacated.
16　　A separate order will issue.

18　**Dated:** January 04, 2021

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**Christopher D. Jaime, Judge**
　　　　　　　　　　　　　　　　　　**United States Bankruptcy Court**

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Julie E. Oelsner
400 Capitol Mall 11th Fl
Sacramento CA 95814

Rick Morin
555 Capitol Mall Suite 750
Sacramento CA 95814

Jason M. Blumberg
501 I St #7-500
Sacramento CA 95814

- 11 -