Julie E. Oelsner, Esq., SBN 125432
WEINTRAUB TOBIN
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
Tel. 916.558.6000
Fax. 916.446.1611
Email: joelsner@weintraub.com

Attorneys for Debtor/Debtor in Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>NIR WEST COAST INC., dba NORTHERN CALIFORNIA ROOFING,<br><br>　　　　Debtor. | Bank. Case No. 20-25090-B-11<br><br>Chapter 11<br><br>**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES TO COUNSEL FOR DEBTOR AND DEBTOR IN POSSESION**<br><br>DCN:　WTC-010<br><br>Date:　April 5, 2022<br>Time:　2:00 p.m.<br>Department:　B – Courtroom 32<br>Judge Jaime<br>501 I Street<br>Sacramento, CA　95814 |

　　　　The law firm of Weintraub Tobin Chediak Coleman Grodin Law Corporation, counsel ("Counsel" and "Movant") for NIR WEST COAST, INC., dba NORTHERN CALIFORNIA ROOFING, the Debtor and Debtor-In-Possession in this case ("Debtor"), seeks an order from this Court granting Counsel's First Interim Application for Allowance of Compensation and Reimbursement of Expenses to Counsel for the Debtor ("Application") pursuant to 11 U.S.C. sections 330 and 503, and in support thereof respectfully represents as follows:

　　　　1.　　The Debtor filed this Chapter 11 case on November 4, 2020 and elected to proceed under Subchapter V of the Bankruptcy Code.　Walter Dahl was appointed the Subchapter V Trustee on November 5, 2020 [Docket Item 8].

2. Movant filed its application for approval of its employment as bankruptcy counsel to the Debtor and as general counsel for non-bankruptcy litigation on December 4, 2020 [Doc. No. 56]. The Order approving said employment was entered on the Docket December 7, 2020 [Doc. No. 60.] Movant filed a supplemental declaration of the undersigned on August 11, 2021 to provided additional information to the Court regarding Applicant's representation and connections to Mr. Gregory Lynn, the President of the Debtor [Doc. No. 262].

3. On November 8, 2020, the Debtor filed a motion for authorization to use the cash collateral of Bank of the West ("BOTW"), and obtained interim approval for such [Docket No. 32]. In early December, 2020, BOTW filed opposition to Debtor's proposed continued use of cash collateral. After the hearing on December 15, 2020, the court authorized continuing use of cash collateral for specified limited expenses through February 2, 2021, and required the Debtor to provide financial reports weekly to BOTW [Docket No. 77].

4. The Debtor timely filed a plan of reorganization on February 2, 2021 [Docket No. 116], and a confirmation hearing was set for March 30, 2021.

5. On February 2, 2021, a stipulation and order thereon between Debtor and BOTW providing for continuing use of cash collateral through March 30, 2021, was entered [Docket No. 117].

6. On March 16, 2021, BOTW filed a motion to remove Debtor as debtor in possession, or convert the case to Chapter 7, or dismiss the case. The hearing was set for April 13, 2021 [Docket No. #139].

7. On March 19, 2021, Debtor filed an amended plan of reorganization [Docket No. 146] pursuant to a stipulation[1] signed by all interested parties and approved by this Court.

---

[1] Stipulation to File Amended Plan *et al.*, dated March 18, 2021 [Doc. No. 145]

{3362832.DOCX:6}    2    First Interim Application for Compensation

8. On March 22, 2021, Debtor filed a motion for authorization for use of cash collateral beyond March 30, 2021 [Docket No. 148], which was set for hearing on March 30, 2021.

9. At the hearing on March 30, 2021, the Debtor was removed as debtor in possession, Debtor's motion for authorization to use cash collateral was denied, and Debtor was instructed to withdraw its proposed amended plan of reorganization. Mr. Dahl, as Trustee, was instructed to take over the Debtor's duties and responsibilities.

10. Immediately following the hearing on March 30, 2021, the Trustee took steps to negotiate an interim agreement for use of cash collateral with BOTW, establish a Trustee bank account so as to take control of receipts and disbursements, and obtain relevant financial reports from Debtor.

11. On May 21, 2021, the Trustee and Debtor filed a joint plan of reorganization [Docket Item 213] and a hearing on confirmation was scheduled for July 20, 2021.

12. On July 7, 2021, Trustee and Debtor filed an amended joint plan of reorganization [Docket Item 234] and a hearing on confirmation was scheduled for August 17, 2021.

13. On August 6, 2021, in response to an informal objection of the United States Trustee, Mr. Dahl as Trustee removed himself as a co-proponent of the amended joint plan of reorganization [Docket Item #252]. A continued hearing on confirmation of the plan of reorganization originally filed jointly by Trustee and Debtor was scheduled for September 14, 2021.

14. On August 20, 2021, BOTW filed a motion to convert the case to Chapter 7 or set a deadline to file a confirmable plan of reorganization [Docket Item #266] which was set for hearing on September 14, 2021.

15. On August 31, 2021, Debtor filed a Notice of Intent to Modify the First Amended Plan of Reorganization, and related exhibits [Docket Item #277 & #278].

weintraub tobin chediak coleman grodin
law corporation

16. On September 7, 2021, the court denied confirmation of the first amended plan, and vacated the hearing scheduled for September 14, 2021 [Docket Item #297]. The court also denied BOTW's motion to convert or set a deadline [Docket Item 299].

17. On October 1, 2021, Debtor filed its amended plan of reorganization [Docket Item #319] which was set for confirmation on November 23, 2021.

18. Debtor's Amended Plan of Reorganization [Docket Item #345] was confirmed by order entered November 22, 2021 [Docket Item #341].

19. Jurisdiction for the filing of this Application exists pursuant to 28 U.S.C. Sections 157 and 1337; 11 U.S.C. Sections 330 and 503; and the references to this Court by the U.S. District Court for the Eastern District of California.

20. In this Application, Counsel seeks an interim allowance of compensation for professional services rendered to the Debtor and reimbursement of expenses incurred for the period of November 4, 2019, through November 24, 2021 ("Application Period") for bankruptcy related services. Counsel provided services to and advanced costs on behalf of the Debtor in the aggregate sum of $101,587.11, representing $100,828.50 for legal services and $758.61 for costs incurred. Additionally, counsel seeks approval for services representing the Debtor in state court litigation, more fully outlined below.

21. Counsel has maintained contemporaneous daily time records, which set forth the specific services rendered in connection with this case. The services rendered by Counsel and costs incurred are more specifically described in the monthly billing statements covering the Application Period, true and correct copies of which are attached as **Exhibit "A"** to the Exhibits Cover Sheet filed and served herewith.

22. A total of 225.53 hours appear on Exhibit "A" for the Chapter 11 services to the Debtor. The average hourly rate for all services provided during the Application Period was $447.07. A breakdown of the substantive areas of services rendered to the Debtor during the Application Period is as follows:

    a. <u>General Administration of Bankruptcy Case.</u>

    Approximately 42.3 hours, including, but not limited to:

- Prepare bankruptcy schedules, the Statement of Financial Affairs, consult with the Debtor's President, Greg Lynn, regarding the afore-referenced documents;
- draft, review and revise application documents to employ Weintraub as Counsel for Debtor;
- Review documents pertaining to Debtor's leases;
- Draft the Initial Status Report;
- Numerous correspondence with counsel and staff at the Office of the U.S. Trustee's office regarding required reporting and documents that needed to be submitted;
- Attend the IDI with the Debtor's President (twice);
- Review information for Status Conference;
- Attend the First Meeting of Creditors (twice) and attention to additional information requested by Office of U.S. Trustee;
- Numerous discussions with Debtor's President about plan issues, monthly operating reports, notices from the IRS, settlement of state court litigation, potential sale of the Debtor's business, vendors cutting off cash sales; and
- Participate in calls to discuss Bank of the West's motion to convert case;

b. **Motion for Use of Cash Collateral**

Approximately 52.5 hours, including but not limited to:

- Telephone calls and emails with interested parties (counsel for Bank of the West, the Subchapter V Trustee, Walter Dahl and counsel for the US Trustee) regarding the motion for use of cash collateral and adequate protection;

- Draft, edit and revise, motion, supporting declaration, and notice, and assemble documentary evidence to support emergency motion for use of cash collateral;
- Attend initial emergency hearing (and subsequent hearings) on motion for approval to use cash collateral and provide adequate protection;
- Draft Interim Order approving use of Cash Collateral;
- Draft motion for final approval for use of cash collateral, participate in numerous emails and telephone conversations with counsel for Bank of the West, the Debtor's President, and the Subchapter V Trustee;
- Respond to Bank of The West's requests for information and documentation; and
- Draft Stipulations to extend the use of cash collateral, pleading responses and hearing dates.

c. **TOVAR comfort order Motion**

Approximately 12.5 hours, including but not limited to:

- Review motion for comfort order and discuss same with Debtor's President;
- Legal research regarding appropriate response to motion for comfort order;
- Draft, edit and revise Debtor's opposition to Tovar Motion for comfort order; and
- Review Court's order on Tovar comfort order;

d. **Debtor's Motion for Turnover of Funds Held by Tovar Case Administrator**

Approximately 12.8 hours, including but not limited to:

- Send and respond to emails to State Court administrator holding Debtor's funds and demand turnover;

- Legal research on motion for turnover;
- Draft, edit and revise motion for turnover, notice and prepare exhibits;
- Review Court's Order denying motion.

e. **Plan(s) of Reorganization**

Approximately 82.33 hours, including but not limited to:

- Discussions with Mr. Lynn on strategy and components of the proposed plans;
- Draft, review and revise the proposed plans;
- Prepare and distribute red-lined versions of amendments to proposed plans;
- Participate in lengthy negotiations with counsel for BOTW, Mr. Lynn and Mr. Dahl on terms in amended plan that was ultimately confirmed;
- Email correspondence with counsel for Ford Motor Credit to resolve issues on treatment of its Claims.

f. **Continuance of Confirmation Hearing**

Approximately 1.8 hours, including but not limited to:

- Emails to interested parties seeking stipulation;
- Call to Courtroom Deputy; and
- Draft stipulation for continuance.

g. **Bank of the West Motion to Convert**

Approximately 21.3 hour, including but not limited to:

- Review pleadings and discuss options and strategy with Greg Lynn and Trustee;
- Legal Research;
- Draft and edit replies and opposition to motion;
- Revise proposed plan in response to motion.

23. The initial tasks undertaken by Counsel were the preparation of the Debtor's Petition, Schedules and Statement of Financial Affairs. Counsel prepared the documents necessary for the Initial Debtor's Interview ("IDI"), initial conference with the United States Trustee and attended the conference. Counsel also assisted the Debtor in preparing for the First Meeting of Creditors and attended that meeting (twice).

24. Counsel timely prepared and filed a proposed plan of reorganization which was ultimately confirmed. Negotiations were lengthy and difficult at times. However, impaired classes voted affirmatively for the plan; there were no objections filed to its confirmation.

25. In this Application, Counsel also seeks reimbursement of expenses incurred in representing the Debtor in this matter in the amount of $758.61 for the following:

| | |
|---|---|
| Lexis/Nexis | $522.22 |
| Federal Express | 16.29 |
| CourtCall | 45.00 |
| PACER | 143.10 |
| Filing Fees | <u>32.00</u> |
| Total | $758.61 |

26. <u>Non-bankruptcy state court litigation</u>. This court approved the employment of Weintraub Tobin as Counsel to the Debtor for general non-bankruptcy litigation that was pending prior to the commencement of the Chapter 11 case. Attorney Lukas Clary oversaw and was primarily responsible for these services.

a. Since the commencement of the Chapter 11 case Counsel provided 15.8 hours of professional services in the state court litigation: <u>NIR West Coast, Inc. v. Syntrol Plumbing Heating and Air, Inc.</u>, 34-2018-00229679. This was a breach of contract case. The services included attending and preparation for a Trial Setting Conference, corresponding with opposing counsel regarding settlement, preparing a Request for Dismissal, calls with other counsel regarding mediation, attending scheduling conferences, responding to the mediator's office, attending Mandatory Settlement Conferences and drafting a settlement for the Bankruptcy Court to approve. Services also included corresponding with the Subchapter V

Trustee with regard to the Trustee's motion to approve the settlement with the Defendant and discussions with the Debtor's president Mr Lynn. Expenses incurred for this matter amount to $246.40 ($13.13/Express Mail; $175.75/Ace Attorney Services; and $87.52/On-Demand Legal). The total amount of fees incurred during the time period of this Application are $6,429.00 for an average hourly rate of $406.88.

      b.    Counsel provided 4.7 hours of services for the state court litigation involving the Tovar class action amounting to $1,896.50 in fees and an average hourly rate of $403.53. The services included preparation of the Notice of Stay, analysis of correspondence from the claim's administrator and attention to the Notice of Continuation of Case Management Hearing. The costs include $282.00 for Court Call, $111.00 filing and serving; and $35.00 for Lexis/Nexis for total of $428.96.

      c.    In the litigation pertaining to Vacaville Quail Run, Counsel drafted a Notice of Stay in the state court litigation and corresponded with opposing counsel. The fees incurred in this matter were $328.00 and the costs were $131.75 for Ace Attorney services.

      d.    In the litigation with SRS, Counsel provided 5.5 hours of services amounting to $2,157.00 in professional fees for an average hourly rate of $392.18, and incurred $277.00 for necessary costs. The services include drafting the Notice of Stay, discussing various issues with Greg Lynn pertaining to the litigation, calls with opposing counsel, analyzing the Summons and Complaint from Town Planners and the demand letter from Liberty Mutual. Counsel also attended the Case Management Conference.

27. To summarize, Movant seeks approval of payment for the following services and reimbursement of costs and expenses for the following:

**Bankruptcy and Chapter 11 Representation**

    Fees:     $100,828.50

    Costs:     $758.61

**State Court Representation**

    *NIR West Coast Inc. v. Syntrol Plumbing*

    Fees:     $6,429.00

| | | |
|---|---|---|
| | Costs: | $246.60 |
| | *Tovar Class Action* | |
| | Fees: | $1,896.50 |
| | Costs: | $428.96 |
| | *Vacaville Quail Run* | |
| | Fees: | $328.00 |
| | Costs: | $131.75 |
| | *SRS Litigation* | |
| | Fees: | $2,157.00 |
| | Costs: | <u>$277.00</u> |
| Total Fees Requested: | | $111,639.00 |
| Total Costs Requested: | | <u>$1,842.92</u> |
| **TOTAL:** | | **$113,481.92** |

28. All professional services for which allowance of compensation is sought were performed by Counsel for the sole benefit of the Debtor and not on behalf of any other party-in-interest herein. The hourly rates charged by counsel in this case are commensurate with those charged by other lawyers in the area. See Declaration of Julie E. Oelsner filed herewith.

29. The rates charged by Counsel's partners and associates are comparable to the rates it currently charges in non-bankruptcy matters and are comparable to the customary rates charged for comparable services in non-bankruptcy cases in the local community. All expenses requested include expenses that are ordinarily charged to Counsel's non-bankruptcy clients.

30. Counsel does not charge, either on an hourly basis or as a cost or expense item, for word processing time, clerical time, or preparing and effectuating normal mailings (with the exception of photocopying and postage). The costs for providing such services have been taken into account in setting the firm's hourly rates and are considered a part of the firm's overhead.

31. On a monthly basis, Counsel generated billing statements from its contemporaneous daily records, reflecting the fees and costs incurred herein. Theses billing statements were provided to the Debtor and its President Greg Lynn for review and comment.

32. No member of Counsel's firm has entered into any agreement to share any compensation it receives as Counsel for the Debtor in this matter with any other person or entity.

33. This Application is supported by the Declaration of Julie E. Oelsner, the Notice of Hearing, and the Exhibits filed and served herewith.

**WHERFORE**, Counsel respectfully prays for the following:

1. That this court therefore approve as fair, reasonable and necessary, interim compensation to Counsel for the Debtor for services rendered during the Application Period covered by this Application, from November 4, 2019 through November 24, 2021 in the total amount of $113,481.92 representing $111,639.00 for legal services and $1,842.92 in reimbursable expenses and costs incurred during the Application Period.

2. That the Debtor and Subchapter V Trustee be authorized to distribute funds from Debtor's and Trustee's accounts (on a pro rata basis with the Subchapter V Trustee for his approved professional fees and costs) for any approved but unpaid fees and costs;

3. That Counsel be authorized to deduct from the Debtor's retainer (balance in the firm's trust account is $11,848.20) any approved and unpaid fees and costs; and,

4. For such other and further relief as the Court deems necessary and proper.

Dated: February 25, 2022        Respectfully submitted,

**WEINTRAUB TOBIN** CHEDIAK COLEMAN GRODIN
Law Corporation

By: /s/ Julie E. Oelsner
Julie E. Oelsner
State Bar No. 125432
Attorneys for Debtor/Debtor In Possession